225 So.2d 288 (1969)
Elaine CREIGHTON
v.
Samuel KARLIN, M. D.
No. 3588.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1969.
Rehearing Denied July 31, 1969.
*289 Charles J. Lange and A. S. Cain, Jr., New Orleans, for plaintiff-appellant.
Adams & Reese, Henry B. Alsobrook, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and BARNETTE, JJ.
BARNETTE, Judge.
This is an appeal by plaintiff, Elaine Creighton, from a summary judgment dismissing her suit against the defendant, Dr. Samuel Karlin.
The petition alleges a breach of contract resulting from an incomplete and unsatisfactory performance of a surgical operation for which the professional services of Dr. Karlin were engaged. Plaintiff seeks recovery of $5,675 representing expenses incurred for a second surgical operation, loss of salary and other special items alleged to be directly incidental to the second operation. The basis of her complaint is that defendant performed the first surgical operation, a gastrectomy, "* * * in an incomplete and unsatisfactory manner" and that the second operation was necessary to correct the condition resulting therefrom.
The defendant answered admitting he was engaged by plaintiff to perform the gastrectomy and averring that the operation was done in accordance with the standard of care and professional skill and practice prevailing in the community. He expressly pleaded that "* * * any claim that plaintiff may have had against him has prescribed."
Thereafter defendant took the deposition of plaintiff and then filed a motion for summary judgment based on prescription. The deposition was attached to the motion as supporting evidence. After a hearing, the motion for summary judgment was maintained and plaintiff's suit was dismissed. It is from that judgment that she appeals.
The material facts may be stated briefly. The plaintiff engaged Dr. Karlin, a surgeon, to perform a gastrectomy in August, 1962, to relieve the pain and discomfort of stomach ulcers. The operation was performed shortly thereafter. She remained in the hospital 12 days and continued in the treatment of Dr. Karlin until discharged by him in October, 1962. Thereafter she alleged a continuance of pain, nausea, and other serious symptoms of *290 stomach disorder and consulted other physicians. On April 19, 1963, another operation was performed in New York from which plaintiff alleges she finally obtained a correction of the cause of her pain and other symptoms.
In her deposition plaintiff testified that the New York surgeon found that the gastrectomy performed by Dr. Karlin had apparently removed the ulcer but that he had reconnected the intestines to the stomach in an improper manner which was found to be the cause of her continued discomfort. She stated her New York surgeon, Dr. Gabriel Seley, found that the gastrectomy had cured the ulcer and then, in reference to the surgery performed by Dr. Seley, she said:
"Q And what did this surgery consist of?
"A Well, all I can do is tell you in layman's terms.
"Q Just tell me what he told you.
"A He said that instead, when the first operation was performed, in bringing the intestines up to the new opening in the stomach, the intestine had been twisted and therefore the food was not channeling through."
The plaintiff further testified in her deposition in response to pertinent questions that Dr. Karlin, the defendant, at no time "guaranteed" a cure but merely agreed that he would perform the gastrectomy to remove the ulcer.
Counsel for plaintiff admits that the fact of Dr. Karlin's alleged incomplete or improper surgical procedure became known to plaintiff in April, 1963, and that her suit filed August 11, 1967, was well beyond the one-year prescriptive period for actions in tort under LSA-C.C. art. 3536, but insists that the action is one for breach of contract prescriptible in ten years under LSA-C.C. art. 3544. Her counsel argues that the agreement by implication included the contractual obligation to perform the operation according to the standard of professional skill and care prevailing in the community.
Defendant's contention in substance is that plaintiff's complaint is not that the operation performed by defendant was "incomplete" but that it was completed improperly, which implies that defendant's surgery was performed negligently or unskillfully.
In maintaining the motion for summary judgment based on prescription, the trial judge rejected plaintiff's argument and applied the prescriptive limitation for an action in tort.
We find only two cases in the jurisprudence of Louisiana wherein attempts have been made to bring an action for damages in contract in situations similar to that presented here: Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963); and Brooks v. Robinson, 163 So.2d 186 (La.App. 4th Cir.1964). In Phelps the suit was brought against an orthodontist for alleged malpractice. The plaintiff sought recovery of damages in tort and alternatively for breach of contract. The Supreme Court found that the action in tort was prescribed under LSA-C.C. art. 3536.
In the alternative action plaintiff sought to prove that the defendant had been engaged to perform orthodontic treatments upon her child and that he undertook to do so warranting particular results. She maintained that she had engaged the services of the orthodontist to pull an erupted bicuspid into line and to straighten the other teeth and that she had been assured by the defendant that he would do so. She alleged that the work was done improperly, hence the alleged breach of contract. The Court said:
"We think the general rule universally obtaining on the subject matter is that: `When a physician undertakes the treatment of a case he does not guarantee a cure, nor is any promise to effect a cure or even a partial healing to be implied, nor does the law raise from the fact of employment an implied undertaking to *291 cure, but only an undertaking to use ordinary skill and care. For this reason a physician cannot be held up to a standard of civil responsibility similar to that of engineers, mechanics, and shipbuilders. Of course a physician might contract specifically to cure and he would be liable on his contract for failure, but, in the absence of such a special and peculiar contract, the fact that treatment has resulted unfavorably does not even raise a presumption of want of proper care, skill, or diligence. * * *' 21 R. C.L. Sec. 36, p. 391. Also, see 70 C.J.S. Physicians and Surgeons § 57, pp. 981, 982 `A dentist, like a physician or surgeon, is not an insurer or guarantor of results in the absence of express agreement.' 41 Am.Jur., Physicians and Surgeons, Sec. 104, p. 219.
"After a careful analysis of the record, we are convinced that the trial judge's finding that the defendant had made no contract warranting any particular result was eminently correct and that he therefore properly dismissed the alternative demand." 150 So.2d at 37.
In Brooks v. Robinson, supra, the plaintiff sought recovery of damages from a physician for an alleged breach of contract. Plaintiff alleged a verbal contract with his doctor to treat him for tuberculosis. Following the doctor's instructions he had a chest X ray made which was positive for fibrosis and indicated an active pulmonary disease; but notwithstanding this report, the doctor took no action. As a result of his nonperformance of treatment, plaintiff's condition became worse; and it was later discovered by subsequent X ray that he had advanced active pulmonary tuberculosis.
This court said in the Brooks case:
"We consider the present matter analogous to the alternative claim in Phelps v. Donaldson, supra. Here, too, the allegation is of contract, and the breach alleged is simple non-performance; plaintiff does not allege unskillful performance, but failure to perform at all. These allegations are taken as true for purposes of the exceptions raised here. We conclude that the action for damages for the breach of contract declared upon is not prescribed by one year, but by the 10-year prescription of LSA-C.C. 3544, against `* * * all personal actions, except those before enumerated'." (Emphasis in the original.) 163 So.2d at 188.
Brooks was not before us on the merits, but on appeal from a judgment maintaining exceptions of no cause of action and prescription of one year. Accordingly, we remanded for trial on the merits. The instant case differs from Brooks in that here the action is not based on nonperformance of an agreement to perform a surgical treatment, but as in Phelps, the alleged improper or malperformance of the treatment agreed upon. Here, as in Phelps, there is no showing that defendant warranted any result. According to plaintiff's testimony by deposition, defendant made no guarantee.
The plaintiff is not required under our laws of pleading to elect a specific remedy or adopt a theory of the case. It is sufficient that she plead the facts and set forth a cause of action entitling her to judgment for the damages alleged. We find nothing in the Supreme Court's opinion in Phelps which would deny her the right to forfeit the elements of damage responsive to a tort claim, if any there be not also recoverable in contract, and pursue the remedy in contract for recovery of such damages as are responsive to her pleadings of breach of contract. Phelps indicates that under certain circumstances the complaining party may properly sue in tort or contract. As we read that case, Phelps holds only that a breach of the implied contract, inherent in a patient-physician relationship, to apply the standard of professional skill and care customarily prevailing in the locality, cannot be presumed merely from unfavorable results. Accordingly, we hold that a failure to treat the *292 patient with the standard of professional skill and care customarily prevailing in the locality can constitute a breach of, and give rise to an action on, the implied contract between patient and physician and such an action is prescribed by the lapse of ten years.
This subject is discussed in 34 Tul.L. Rev. 414, 15 (1960), written before the decisions in the Phelps and Brooks cases. The writer there said:
"Plaintiff was treated by defendant physician for a skin malady which later developed into cancer necessitating the amputation of plaintiff's leg. Suit was filed in federal district court in Louisiana on the basis of diversity of citizenship. The plaintiff contended that the action was governed by the ten-year prescription period applicable to contract. The district court dismissed the suit on a plea of prescription, holding the one-year tort period applicable. The Court of Appeals for the Fifth Circuit affirmed. Held, that a malpractice suit sounds in tort and the action is barred by the one-year prescription period even though an implied-in-fact contract exists between the physician and patient. Kozan v. Comstock, 270 F.2d 839 (5th Cir.1959).
"The majority position in common-law states is that malpractice suits sound strictly in tort. This is modified in most jurisdictions by application of the contract statute of limitations where the physician has warranted a given result. A strong minority, however, holds that the plaintiff may elect to sue either in tort or contract even in the absence of an express warranty. These courts apply the contract statute of limitations on the theory that when a patient willingly obtains a physician's services, there exists an implied-in-fact contract in which the physician impliedly warrants that he will treat the patient with the degree of skill ordinarily possessed by members of the medical profession in the particular locality. The rationale of the majority position, on the other hand, is that, admitting the existence of a contract, the malpractice action is based on breach of duty or negligence, and should, therefore, be governed by the tort statute of limitations. A few states have attempted to avoid the problem by enacting statutes enumerating a specific limitation period for malpractice suits.
"A review of the Louisiana jurisprudence fails to reveal any prior reported cases dealing with which prescriptive period is applicable to malpractice suits. In cases involving other types of service contracts, however, Louisiana courts have generally been liberal in applying the contract prescription period." (Italics in the original.)
We have traditionally associated improper medical or surgical treatment with malpractice which carries the implication of wrong-doing or negligence, and for this reason, the prescriptive limitation for actions in tort has generally been applied. However, a medical or surgical treatment in deviation from the accepted standards prevailing in the locality may not necessarily involve only the elements of negligence or wrong-doing in terms of tort. This is plaintiff's argument and she adds that even if the departure from the prevailing standard of professional skill and care is in any event to be construed as tortious, it does not necessarily follow that the remedy is exclusively in tort.
The only evidence of fact in the record before us touching upon the alleged breach by defendant must be drawn from the plaintiff's testimony by deposition that Dr. Seley told her, as she related in laymen's terms, that the intestine had been twisted. Obviously this is hearsay testimony and would have been objected to except that it was elicited by counsel for defendant for use in support of his argument that the complaint is one sounding in tort rather than in contract. But, equally obviously, it is in fact the basis for plaintiff's action.
We must not overlook the fact that this case comes before the court on a motion *293 for summary judgment and is governed by the rules prescribed in LSA-C.C.P. arts. 966 and 967. Prescription is pleaded indirectly, that is, it is the basis of the motion for summary judgment. Prescription must necessarily be determined on the facts.
Assuming arguendo that the defendant did in fact reconnect the intestines to the new opening in the abdomen in a "twisted" position, whether or not this resulted from a breach of the implied obligation to exercise the skill and care customarily followed in the locality presents an issue of material fact which can be resolved only after hearing the testimony of experts qualified in the field of surgery. Until this fact question is resolved the court cannot determine whether to apply the prescriptive limitation for actions in tort or in contract. Whether or not the plaintiff can prove her allegations is not to be considered on the motion for summary judgment. She is entitled to her day in court.
We are not unmindful of the far-reaching implications of this decision. To improperly connect the intestines to a new opening in the stomach is certainly not distinguishable in principle from leaving a surgical sponge or instrument in a patient. It seems to be generally recognized and clearly implied in Phelps that if such act constitutes a breach of an express warranty, action in contract or tort would lie. We know of no reason why the patient should be denied the right to seek the damages responsive to a breach of contract suit merely because the alleged breach is of an implied obligation the breach can be founded on something more than a mere presumption from unsatisfactory results. We think the plaintiff's allegations in this case, amplified by her deposition, present much more than a mere presumption based upon unfavorable results.
We hold that there remain genuine issues of material fact and the motion for summary judgment cannot be maintained. The issue of prescription can only be determined after the issues of fact upon which it depends have been resolved.
The judgment maintaining defendant's motion for summary judgment and dismissing plaintiff's suit is reversed and the motion for summary judgment is now denied. The case is remanded for further proceedings in the trial court according to law and in keeping with the views herein expressed. The assessment of all costs shall await final judgment.
Reversed and remanded.