BLANCHE, Judge.
This is an appeal by plaintiff from a judgment sustaining a dilatory exception urging prematurity and dismissing his suit. The record reflects that plaintiff sold his business to defendant, and in conjunction *201 with this sale entered into a noncompetition and sale of good will agreement whereby in consideration for the payment of $3,600 payable in thirty-six equal monthly installments of $100, the first being due on February 1, 1969, plaintiff sold the good will in his business known as “Toups Truck & Tractor Service” and further agreed not to compete with defendant for a period of five years within the State of Louisiana. The record further reflects that defendant complied with its obligation and made the monthly installments through September of 1969. When the installment due on October 1, 1969, was not paid, however, plaintiff’s wife called the president of defendant corporation on October 2, 1969, at which time the president advised plaintiff’s wife that the corporation was going out of business and would not be able to continue making the $100 payments. Thereafter, plaintiff filed suit on October 8, 1969, seeking a money judgment for $2,800, representing the remaining twenty-eight monthly $100 payments owed under the agreement, with legal interest thereon from date of judicial demand, and further sought and obtained a writ of resident attachment. Defendant filed a motion to dissolve the attachment, and at the conclusion of the hearing thereon, the motion to dissolve the attachment was denied, the Court giving the following reasons for judgment:
“The evidence shows that the business was not successful and that at the end of nine months of operation, Mr. LeBlanc [president of defendant corporation] and his co-owner agreed to sell out the assets of this business and pay off the creditors. In connection with this decision, according to Mr. LeBlanc, he assigned some $15,000.00 worth of accounts receivable to a bank in Port Allen, Louisiana, from which the company [corporation] had borrowed $25,000.00.
jfc ‡ ^ ‡ ;Jt %
“Counsel for defendant urges that there was no intent on behalf of the defendants [sic] to defraud Mr. Toups or to transfer defendant’s property into money or evidences of debt, with the intent of placing it beyond the reach of petitioner.
“The Court is of the opinion that intent to defraud, as used in this article, does not necessarily mean criminal fraud. With all good intentions, a debt- or may attempt to pay off his creditors and, at the same time, give preferential treatment to one over the other, which may in time cause the creditor who did not receive preferential treatment to lose the amount owed to him. The Court is of the opinion that Mr. LeBlanc and his partner, even at this time, hope to pay off all creditors. However, in doing so or attempting to do so in the manner that they have followed, certainly gives a major part of the assets of this corporation to the bank by assignment and places these assets out of the rech [sic] of this creditor. The Court is of the opinion that the writ of attachment properly issued and the motion to dissolve is denied.” (Oral Reasons for Judgment, Record, pp. 23, 24)
Thereafter, defendant filed a dilatory exception of prematurity on October 28, 1969, urging that the $100 due on October 1, 1969, had been paid on October 16, 1969, with the result that plaintiff’s suit was premature and should be dismissed. In sustaining the dilatory exception urging prematurity and dismissing the suit, the trial court gave the following reasons for judgment:
“This matter came before the Court on a dilatory exception of prematurity filed by the defendant. It was stipulated by and between counsel that as of the time the suit was filed on October 8, 1969, that the October 1st payment due on a contract filed in the record was due and owing, and that after October 8, 1969, the $100.00 payment due was paid by the defendant, as well as the payment which came due on November 1, 1969. The contract contains no acceleration clause; *202 therefore, no further installments are due under this contract at the present time and none will become due until December 1, 1969.
“The Court is of the opinion that under the law the exception of prematurity must be maintained and that plaintiff’s suit be dismissed at defendant’s costs, reserving to plaintiff all rights under the contract. The Court is assessing costs to defendant, inasmuch as a payment was due at the time the suit was filed.” (Reasons for Judgment, Record, p. 21)
Plaintiff-appellant contends that his suit should be treated as one for breach of contract, and that even though plaintiff did not specifically use the word “breach” in his petition, the well-pleaded facts and the evidence in the record establish such breach. Plaintiff cites in support of this proposition the case of Creighton v. Karlin, 225 So.2d 288, 291 (La.App. 4th Cir.1969), application denied as premature, 254 La. 842, 227 So.2d 590, as follows:
“The plaintiff is not required under our laws of pleading to elect a specific remedy or adopt a theory of the case. It is sufficient that she plead the facts and set forth a cause of action entitling her to judgment for the damages alleged.”
We are satisfied that this case presents a situation where plaintiff should be permitted to prove an anticipatory breach of contract, recognized as applicable in Louisiana by the Louisiana Supreme Court in Marek v. McHardy, 234 La. 841, 101 So.2d 689 (1958). See generally, The Doctrine of Anticipatory Breach of Contract, 20 La.L. Rev. 119 (1959).
Although the obligation of defendant constituted an obligation to be paid in installments and there was no acceleration clause included therein, nevertheless, a tacit condition of this obligation, like all obligations, is that it be performed in good faith, as required by Louisiana Civil Code Article 1901. Moreover, as provided by Civil Code Article 1903:
“ * * * The obligation of contracts extends not only to what is expressly stipulated, but also to everything that, by law, equity or custom, is considered as incidental to the particular contract, or necessary to carry it into effect.”
When plaintiff was expressly advised by the president of the defendant corporation that the defendant would no longer perform its obligation under the contract and was moreover selling the assets of the business, this gave unto plaintiff the right to have litigated whether the same amounted to an express repudiation of the contract by the defendant and an active anticipatory breach of its obligation. Further, at that time the October installment was due and owing. Plaintiff was therefore entitled to bring a suit for damages he would sustain as a result of breach of the contract, or the sum of $2,800 representing the remaining twenty-eight unpaid installments provided for by the contract. The payment by defendant of the October installment subsequent to the filing of plaintiff’s suit did not thereby make plaintiff’s suit premature, since the alleged anticipatory active breach by defendant or the breach of the contract by defendant by anticipatory repudiation entitled plaintiff to sue for the damages he sustained as a result of the breach. To hold otherwise would permit this defendant to defeat the valid suit and attachment merely by tendering the past due October installment, thereby permitting defendant to avoid the attachment and dispose as he saw fit of the assets of the corporation, provided such disposition was made before the next monthly installment would otherwise become due, or by making the next monthly installment or whatever additional number of installments would be required until defendant had successfully disposed of all of the assets.
The judgment of the trial court insofar as it sustained the dilatory exception urging prematurity and dismissed plaintiff’s *203 suit is reversed, and this cause is remanded for further proceedings consistent herewith. All costs of this appeal are assessed to defendant.
Reversed and remanded.