285 So.2d 301 (1973)
Frank P. CARR
v.
MISSISSIPPI VALLEY ELECTRIC COMPANY et al.
No. 5745.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Gerald J. Martinez, Metairie, for plaintiff-appellant.
James J. Morse, Jr., Geoffrey H. Longenecker, W. Paul Anderson, New Orleans, for defendants-appellees.
Before GULOTTA and GAUDIN, JJ., and ZACCARIA, J. Ad Hoc.
FRANK V. ZACCARIA, Judge Ad Hoc.
This is an appeal from a judgment maintaining an exception of no cause of action and dismissing plaintiff's suit. Plaintiff has taken this devolutive appeal.
The only issue before this court is the applicability of Louisiana Revised Statute 9:2772 to tort actions. The lower court, by its dismissal of plaintiff's suit has indicated that it does apply to torts.
Louisiana Revised Statute 9:2772 reads as follows:
A. No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
(3) If the person furnishing the design and planning does not perform any inspection of the work, more than ten years after he has completed the design and planning with regard to actions against that person.
B. The causes which are preempted within the time described above include any action:
(1) For any deficiency in the design, planning, inspection, supervision or observation of construction or in the construction *302 of an improvement to immovable property;
(2) For damage to property, movable or immovable, arising out of any such deficiency;
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees.
This pre-emptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.
The clear language contained in the first line of Paragraph "A" states that the statute applies to actions "ex delicto" as well as "ex contractu".
Further, sub-paragraph 3 of Paragraph "B" particularly preempts any actions for injury to the person or wrongful death arising out of any such deficiency.
In the instant case appellant was injured more than ten (10) years from the date of the completion of the work performed.
Counsel for plaintiff has argued the apparent conflict between the above-referred to statute and Article 3536 of the Louisiana Civil Code, the said codal article relating to offenses and quasi-offenses, and their prescription in one year. He argues that plaintiff's suit was prescribed before the accident happened. Defendants-appellees argue that the appellant had no cause of action when he was injured. These semantical arguments do not assist the court in its decision. The pertinent, and apparent, facts are that plaintiff-appellant was injured and under the plain wording of L. R.S. 9:2772 he is preempted from suit in tort.
The wisdom of the legislature in enacting this law cannot be questioned by this court. The law was passed for a specific purpose, i. e., to put at an end, at some definite period of time, claims arising from construction. It has the effect of creating a hardship in some instances. At the same time it has the effect of preventing a hardship to contractors who would have to defend a suit for damages occasioned more than ten years after their performance was completed.
The ruling of the trial court is found to be correct and is hereby affirmed.
Affirmed.