311 So.2d 622 (1975)
Orville COON, Plaintiff-Appellant,
v.
W. S. BLANEY and W. S. Blaney, Jr., d/b/a W. S. Blaney, Jr. Construction Company, et al., Defendants-Appellees.
No. 4964.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
*623 William Henry Sanders, Jena, for plaintiff-appellant.
Griffing & Scott by George Griffing, Jonesville, for defendants-appellees.
Before FRUGE, CULPEPPER, and DOMENGEAUX, JJ.
FRUGE, Judge.
Plaintiff appeals from a judgment dismissing his action for damages. We reverse and remand.
The plaintiff, Orville Coon, filed suit against W. S. Blaney and W. S. Blaney Construction Company for injuries he allegedly received on August 31, 1974. Plaintiff alleged that he received his injuries while climbing a ladder to a battery tank at the M. Hailey Well in the West Catahoula Oil Field. He alleged that the ladder was constructed by the defendant, and that the defendant was negligent in failing to weld supports from the tank to the ladder, which, caused the ladder to shake and cause the plaintiff to fall. An exception of prescription was subsequently filed by the defendant. Defendant's plea of prescription was based on Civil Code Art. 3536, which provides a prescriptive period of one year for claims arising under Civil Code Art. 2315. The plaintiff argued that Civil Code Art. 3545 was applicable and that the ten year prescriptive period under that article had not yet run. After a hearing the trial judge ruled in favor of the defendant and dismissed the plaintiff's action as having prescribed.
Civil Code Art. 3545 provides that an action against an undertaker or architect *624 for defects of construction prescribes in ten years. We do not think that this article was intended to apply to the situation presented under the facts of this case. We find support for our conclusion in Orleans Parish School Board v. Pitman Construction Company, Inc., 261 La. 665, 260 So.2d 661 (1972), and in American Mutual Liability Insurance Company v. Lionel F. Favret Company, Inc., 224 F.Supp. 477 (E.D. La.1963). Those cases indicate that the action of the owner of a building against the one who has constructed the building is contemplated in Art. 3545. The present action does not involve such a case, but rather involves the action of a third party who has been injured by allegedly defective workmanship.
The trial judge ruled that Art. 3536 provides the applicable prescriptive period. That article provides that actions resulting from offenses and quasi offenses, in addition to other enumerated actions, prescribe in one year. However, the trial judge found that this prescriptive period began when the allegedly negligent act of the defendant took place, that being when the defendant constructed the ladder in 1969. Since the injury did not take place until 1974, the trial judge found that the prescriptive period had elapsed and that the plaintiff was therefore barred from bringing his action.
Article 3536 must be read with Article 3537 in order to determine at what point the prescriptive period begins. Article 3537 provides that the prescriptive period mentioned in Article 3536 begins to run when the damage is sustained. A peremptive period of ten years which destroys the victim's cause of action regardless of the time when the injury occurs is provided by R.S. 9:2772. See Carr v. Mississippi Valley Electric Co., 285 So.2d 301 (La.App. 4th Cir. 1973). Under the facts of this case, the one year prescriptive period provided for under Article 3536 did not begin to run until the plaintiff suffered the injuries allegedly caused by the negligent acts of the defendant. See Merrimack Mutual Fire Insurance Co. v. Radalec, Inc., 126 So.2d 848 (La.App.2d Cir. 1961); Luke v. Caddo Transfer and Warehouse Co., 11 La.App. 657, 124 So. 625 (La.App.2d Cir. 1929); Ruffner v. Hebert, 8 Orl.App. 333 (1911). The plaintiff's petition alleges that the injury occurred on August 31, 1974. The action was filed on November 1, 1974, well within the applicable prescriptive period. Therefore, the defendant's exception of prescription should be overruled.
For the reasons assigned, the judgment of the trial court dismissing the plaintiff's action is reversed, and this case is remanded to the trial court for further proceedings in this matter. The costs of this appeal are assessed against defendant-appellee.
Reversed and remanded.