CHIASSON, Judge.
Plaintiff-appellant, Peggy Ann Mitchell, appeals the judgment of the trial court sustaining defendants-appellees’, State Farm Mutual Automobile Insurance Company and Oscar Garcia, Jr., exception of prescription and dismissing her suit against these defendants.
On October 21, 1978, a collision occurred between a pickup owned by Eugene Delmar Nichols, the insured of defendant Dairyland Insurance Company, and a vehicle driven by Oscar Garcia, Jr., the insured of defendant State Farm. As a result of the collision, the pickup’s passenger door was jammed and could not be opened until March 28, 1979, at which time it suddenly popped open causing plaintiff, a passenger in the pickup, to fall to the street. Plaintiff filed suit on October 28,1979, for damages she sustained in the fall.
Defendants herein filed an exception of prescription on the basis that the suit by plaintiff was filed more than one year after the collision of October 21, 1978.
Defendants contend the proximate cause of the door’s malfunction occurred six months before plaintiff’s injury and that plaintiff is charged with notice of this prior negligent conduct. The exception of prescription was sustained by the trial court apparently on this basis. No written reasons for judgment were assigned nor was any evidence presented at the hearing on the exception.
Louisiana Civil Code Article 3537 provides that the prescriptive period of one year for offenses and quasi offenses in La. C.C. art. 3536 begins to run when the damage is sustained.
Plaintiff filed her petition seven months after the day on which she allegedly received her injuries, well within the applicable prescriptive period. Under La.C.C. art. 3537, the crucial date is the day the damage was sustained, not the day upon which the allegedly negligent conduct occurred. Coon v. Blaney, 311 So.2d 622 (La.App. 3rd Cir. 1975). Defendants’ exception of prescription should have been overruled.
For these reasons, the judgment of the trial court dismissing plaintiff’s action against defendants herein is reversed and this case is remanded to the trial court for further proceedings. The costs of this appeal are assessed against defendants-appel-lees.
REVERSED AND REMANDED.