142 So.2d 585 (1962)
Frances PHELPS, Individually and as Administratrix of the Estate of the Minor, Meade Phelps, Plaintiff-Appellant,
v.
Dr. K. V. DONALDSON, Defendant-Appellee.
No. 588.
Court of Appeal of Louisiana, Third Circuit.
June 13, 1962.
Rehearing Denied July 5, 1962.
Watson, Williams & Brittain, by Arthur C. Watson, Denis, Natchitoches, for plaintiff-appellant.
Stafford & Pitts, by Grove Stafford, Sr., Alexandria, for defendant-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
FRUGÉ, Judge.
This is a damage suit for alleged malpractice brought against defendant-appellant, Dr. K. V. Donaldson, by plaintiff-appellant, Mrs. Frances Phelps, individually and as administratrix of the estate of her minor child, Meade Phelps. Plaintiff has *586 appealed from a judgment dismissing her suit.
The suit was originally filed on the 29th day of October, 1958, Natchitoches Parish, Louisiana, where plaintiff lives. The defendant, an orthodontist from Alexandria, Louisiana, excepted to the jurisdiction, based upon his residence there, and said exception was sustained. On January 31, 1959, the suit was re-filed in Rapides Parish.
Plaintiff alleges that on July 3, 1955, she employed the doctor, an orthodontist, to straighten her daughter's teeth and that he accepted the employment and worked on the little girl for a period of two years. Further, she avers that in November, 1957 she realized that the doctor had done his work improperly, and made demand upon the defendant that he return the money she had paid him for his services plus $1,000.00, the amount she figured it would cost to undo his work. Plaintiff describes the doctor's treatment of her daughter as "negligent and careless".
Taking the allegations of the petition as true, the first suit in Natchitoches Parish, filed there on the 29th day of October, 1958, was timely, in that it was filed within a year of the time that Mrs. Phelps claims that she learned about the result of Dr. Donaldson's treatment, i. e., in November of 1957.
The facts, as brought out by the record, appear to be different from the allegations in plaintiff's petition.
On July 17, 1957 plaintiff's attorneys wrote to Dr. Donaldson complaining of his alleged negligent treatment of Meade Phelps and made claims for damages. On the strength of this letter, and of the knowledge that plaintiff had when it was written, defendant filed a plea of prescription of one year. Passing upon the issue and sustaining the defendant's plea in part, the trial judge said:
"The letter written by plaintiff's attorneys on July 17, 1957, obviously contradicts the testimony of Mrs. Phelps that she did not take Meade to another orthodontist until November of 1957. This letter also clearly indicates that the plaintiff, on the date thereof, knew all of the facts regarding the acts of negligence and improper treatment which she has alleged in her petition. Since these facts were known to the plaintiff more than a year before she filed suit in Natchitoches Parish, the defendant's plca of prescription of one year as to plaintiff's tort action must be sustained." (Tr. 18.)
The trial court held, however, that plaintiff's alternative demand, based upon an alleged breach of contract, had not prescribed, so to that extent he overruled the plea of prescription, and permitted her to go forward with her suit.
Defendant filed a motion for a rehearing but it was overruled. After this the defendant answered, denying the negligence charged against him, further denying that he had guaranteed a "cure" as claimed, or had in any wise entered into a contract guaranteeing the results of his treatment. The defendant renewed the plea of the prescription of one year. The case was tried and submitted on briefs. In a written opinion, the judge sustained the plea of the prescription of one year as to the alternative demand and dismissed the suit. He held that plaintiff had failed to prove a contract that would support her alternative demand. From the judgment plaintiff has appealed.
In order to escape the defendant's plea of prescription, plaintiff strongly suggests that she has a cause of action for breach of contract, in action subject to the plea of prescription of ten years.
After thoroughly reviewing the facts and applicable law, the trial judge stated:
"Plaintiff, having alleged the existence of a contract, has the burden in law to satisfactorily establish by a preponderance of the evidence that *587 such contract was entered into by the parties. A mere reading of the foregoing testimony is at once convincing that plaintiff has not borne the burden resting upon her to prove that Dr. Donaldson guaranteed to effect the corrections desired relative to Meade Phelps' teeth. As a matter of fact, the testimony is most convincing that instead of Doctor Donaldson binding himself to a definite guarantee, Mrs. Phelps drew her own conclusions from what he said as she so well expressed it when she testified: `He gave me to believe that he would straighten the teeth.'" (Tr. 13.)
In the past, other plaintiffs have attempted by the same means as the plaintiff herein, to breathe life into dead causes of action in tort but have been unsuccessful.
Such an attempt was made in the case of Sizeler v. Employers' Liability Assur. Corp., Ltd., La.App., 102 So.2d 326. Plaintiff, a passenger for hire, brought suit against the carrier's insurer for injuries sustained through the alleged negligence of the carrier. The suit was filed more than a year later, so a plea of prescription was filed by the defendant. The plaintiff there, as here, attempted to maintain her action as one for breach of contract of passage. The court did not agree. In its opinion the court stated:
"Defendant pleaded the prescription of one year, which as we have said hereinabove was maintained by the trial court; hence this appeal.
"Plaintiffs insist (a) that their suit against the defendant as the insurer of Stephens Buick Company is predicated upon a contract of carriage and therefore the prescriptive period of ten rather than one year is applicable herein * * *."
Plaintiff's contention was rejected, the court saying:
"Plaintiffs' initial contention that an action against a carrier for personal injuries does not prescribe in one year from the date of the injuries is not legally tenable."
The court's reasoning was as follows:
"There are, in certain relationships, duties imposed by law, and a failure to perform these obligations is considered as a tort though the relationships themselves may be created by contract encompassing the same subject. The case of a common carrier furnishes us with a classic illustration. The law requires it to carry with impartiality and safety, those who offer themselves as passengers. If it fails to do so, it is chargeable with tort, which action is prescribed one year after the occurrence of the accident. * * *
"Thus, for the breach of the general duty imposed by law, because of the relationship, one type of action is initiated, and for the breach of a contract another form of action is indicated. As we have seen, the Revised Civil Code limits the time in which these two forms of actions may be instituted. The jurisprudence of this state has consistently recognized that an action against a carrier for failure to carry a passenger without physical harm will prescribe if not brought within one year of the accident."
This decision answers plaintiff's attempt to save her cause of action, by claiming, in the alternative that her case is based upon a contract and not subject to the prescriptive period of one year.
In Kozan v. Comstock, 270 F.2d 839, decided by Judge Wisdom of the Fifth Circuit, the decision being recent, having been rendered on September 30, 1959, the court had before it a plea of prescription filed in the malpractice suit against a dentist. The exact point that we have before us was before the Fifth Circuit and was decided by it in favor of the defendant.
*588 Its statement of the issue, as taken from the opinion, is as follows:
"The serious question before us is determining which prescriptive period is applicable. If the action sounds in contract the prescriptive period is ten years. If it is a tort action then the suit is barred after one year."
After stating that there was no case from Louisiana exactly in point and that the question was not squarely decided in the Perrin case, Perrin v. Rodriguez, La. App., 153 So. 555, the court observed:
"It is the nature of the duty breached that should determine whether the action is in tort or in contract. To determine the duty one must examine the patient-physician relationship. It is true that usually a consensual relationship exists and the physician agrees impliedly to treat the patient in a proper manner. Thus, a malpractice suit is inextricably bound up with the idea of breach of implied contract. However, the patient-physician relationship, and the corresponding duty that is owed, is not one that is completely dependent upon a contract theory. There are instances in which the relationship exists though there is clearly no contractual relationship between the patient and the physician. Thus, the patient may be incapable of contracting or a third person may have contracted with the physician for the treatment of the patient. Even in those instances in which no contract is present the physician still owes a duty to the patient. The duty of due care is imposed by law and is something over and above any contractual duty. Certainly, a physician could not avoid liability for negligent conduct by having contracted not to be liable for negligence. The duty is owed in all cases, and a breach of this duty constitutes a tort. On principle, then, we consider a malpractice action as tortious in nature whether the duty grows out of a contractual relation or has no origin in contract. This view that malpractice suits are tortious in nature probably represents the majority view. (Emphasis added.)
* * * * * *
"Since we hold that this suit sounds in tort, the plaintiff's cause of action was barred one year after the discovery of the injury, unless prescription was somehow interrupted."
The court held that there had been no interruption and proceeded to dismiss the suit.
Just a short time ago this court used the Kozan case as the basis of its decision in Bresler v. Nugent, La.App., 134 So.2d 694. The suit was one for damages the plaintiff claimed to have suffered at the hands of a beauty parlor operator who treated her hair. The opinion shows that:
"The plaintiffs filed their suit in the district court on October 11, 1960, being some two years after the alleged hair treatment given to Freda Bresler on October 28, 1958. The defendant, taking the position that this suit was one in tort, filed a plea of prescription of one year based on Article 3536 of the Louisiana Civil Code, LSA. The plaintiffs take the position that this is a suit in contract and subject to the ten year prescriptive period, LSA-C.C. art. 3544. The suit was dismissed by the lower court on the plea of one year prescription interposed by the defendant on the ground that the action was in tort. The plaintiffs have appealed."
This court then cited the Kozan case, supra, with approval and quoted from it rather extensively. After so doing, we compared it with a malpractice case from the Second Circuit, Court of Appeal, saying:
"The position taken above by the United States Fifth Circuit Court of *589 Appeals was identical to the position taken by the Second Circuit Court of Appeal of Louisiana, in the case of Mills v. Doty, 116 So.2d 710. In this case, a patient brings an action against a chiropractor for allegedly injuring his back while receiving treatment and the suit was not brought until after one year from the date of the accident. The court looked upon this suit as a tort action and dismissed plaintiff's action.
"It is the opinion of this court that the cause of action which the plaintiffs pursue and in which they seek to recover for injuries and/or damages allegedly sustained by Freda Bresler while she was a customer at Durwood Nugent's hair dressing establishment is most definitely an action sounding in tort and that the one year prescriptive period provided for in Article 3536 of the Louisiana Civil Code, LSA, is most applicable. The application of the tort rather than the contract statute of limitation by the district court in the present case was well reasoned and justifiable; therefore the plea of prescription was properly sustained."
We are of the opinion that under the jurisprudence plaintiff's suit is essentially regarded as sounding in tort for the purpose of prescription, and that since it was not filed within one year, after her first demand upon the doctor for damages for his alleged negligent treatment, it has prescribed, and the plea of prescription of one year should be sustained.
For the reasons assigned the judgment of the district court is affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
CULPEPPER, J., recused.