FOURNET, Chief Justice.
 

 The plaintiff, Mrs. Phelps, initiated this suit individually and on behalf of her minor daughter, Meade Phelps, against the defendant orthodontist, Dr. Donaldson, for damages
 
 [1]
 
 in tort for alleged malpractice for injuries sustained as a result of his negligence and failure to straighten properly her daughter’s teeth; and alternatively, for damages for the breach of a contract warranting particular results. The case is. now before us on a writ of certiorari granted upon the plaintiff’s application to review the judgment of the Court of Appeal, Third Circuit, affirming the judgment of the lower court dismissing the plaintiff’s suit. See La.App., 142 So.2d 585.
 

 
 *1121
 
 The district court maintained the defendant’s plea of prescription on the main demand, having found as a fact the suit was instituted more than a year after the discovery of the defects complained of; and as to the alternative demand, found as a fact the plaintiff had failed to prove the alleged contract, therefore dismissed her suit.
 

 The Court of Appeal was of the opinion that malpractice actions are manifestly tortious in nature and are subject to the prescription of one year; it concurred in the trial court’s finding that the suit had not been timely filed, therefore affirmed this judgment without giving consideration to the alternative demand and dismissed the suit.
 

 The record reveals that the plaintiff engaged the defendant in July, 1955, to perform orthodontic treatments on Meade, who was then twelve years of age and who had previously lost one upper left six-year molar and two lower six-year molars. In an effort to fill the resulting spaces, the other teeth had moved or “drifted” and dipped. In the upper right arch, in addition to the drifting, a bicuspid tooth had erupted toward the palate.
 

 The plaintiff maintains that she engaged the services of the defendant to pull the erupted bicuspid into line and to straighten the other teeth and that she had been assured by the defendant that he would do so. The treatments continued until July, 1957; the plaintiff alleged in her petition that she first noticed the work had been improperly done in November, 1957, and in particular, complained of the defendant’s having moved the teeth so as to cause a central incisor to be situated directly in the front of the child’s mouth, resulting in disfigurement.
 

 Suit was filed in October, 1958, which would have been timely had the date of the first observation of the allegedly defective work as set forth in the petition been correct; but both the trial court and the Court of Appeal found as a fact the plaintiff had been dissatisfied with the defendant’s workmanship as early as July, 1957, when her attorney had written a letter to the defendant to this effect, and therefore as a matter of law the tort claim had prescribed.
 
 [2]
 

 The evidence inscribed in the record supports this conclusion. Therefore, the remaining issue for our consideration is the plaintiff’s alternative demand, i. e., the existance of a contract between her and the defendant wherein specified results were warranted, which under the law is prescribed by the passage of ten years.
 

 
 *1123
 
 We think the general rule universally obtaining on the subject matter is that: “When a physical! undertakes the treatment of a case he does not guarantee a cure, nor is any promise to effect a cure or even a partial healing to be implied, nor does the law raise from the fact of employment an implied undertaking to cure, but only an undertaking to use ordinary skill and care. For this reason a physician cannot be held up to a standard of civil responsibility similar to that of engineers, mechanics, and shipbuilders. Of course a physician might contract specifically to cure and he would be liable on his contract for failure, but, in the absence of such a special and peculiar contract, the fact that treatment has resulted unfavorably does not even raise a presumption of want of proper care, skill, or diligence. * * * ” 21 R.C.L. Sec. 36, p. 391. Also, see 70 C.J.S. Physicians and Surgeons § 57, pp. 981, 982 “A dentist, like a physician or surgeon, is not an insurer or guarantor of results, in the absence of express agreement.” 41 Am.Jur., Physicians and Surgeons, See. 104, p. 219.
 

 After a careful analysis of the record, we are convinced that the trial judge’s finding that the defendant had made no contract warranting any particular result was eminently correct and that he therefore properly dismissed the alternative demand.
 

 For the reasons assigned, the judgment of the trial court is affirmed.
 

 [1]
 

 . Mrs. Phelps sued in her own behalf for $2,085, representing a refund for fees paid to the defendant, travel expenses, lost earnings and future medical costs. On behalf of her daughter, she requested $23,500 for disfigurement, pain, suffering,, humiliation and mental anguish.
 

 [2]
 

 . K.C.C. Art. 3536 provides in part:
 

 “The following actions are also prescribed by one year:
 

 “That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses. * *
 
 *
 
 ”