FRUGÉ, Judge.
This suit and its companion suit, No. 1164, 164 So.2d 599, arose out of the same set of facts. We shall discuss both cases in this opinion but render a separate decree in No. 1164.
Plaintiffs are the surviving husband and children of Sarah Devillier. Sarah Devil- *598 lier departed this life on June 9, 1960, and her funeral was held on June 11, 1960. Plaintiffs allege that during the funeral the casket containing the remains was dropped, causing the body to be mutilated. On February 18, 1963, plaintiffs instituted suit against First National Life Insurance Co. to recover damages resulting from the alleged accident on June 11, 1960. On July 3, 1963, plaintiffs instituted suit against First National Funeral Homes, Inc., for damages suffered by plaintiffs as a result of the accident.
Both defendants filed pleas of prescription of one year. In addition, defendant First National Life Insurance Co. filed an exception of no cause or right of action. All of these exceptions were maintained and the suits were dismissed. From these judgments plaintiffs appeal.
First National Funeral Homes, Inc. Plaintiffs allege that they and the defendant funeral home entered into a contract whereby defendant agreed to handle all funeral arrangements and which contract warranted a decent burial. Plaintiffs allege that the defendant funeral home breached this contract by its use of defective burial equipment which resulted in the total mutilation of the body of the deceased.
This suit was filed on July 3, 1963. Defendant contends that this is a tort action and that the action has prescribed under the one year prescriptive period provided for in LSA-Civil Code Art. 3536. Plaintiffs take the position that this action is one for breach of contract and comes under the ten year prescriptive period of LSA-Civil Code Art. 3544.
“ ‘There are, in certain relationships, duties imposed by law, and a failure to perform these obligations is considered as a tort though the relationships themselves may be created by contract encompassing the same subject.’ ” Phelps v. Donaldson, La.App. (3rd Cir.), 142 So.2d 585, 587 (Affirmed, 243 La. 1118, 150 So.2d 35). “Similarly, although there is authority to the contrary, it is generally held that where a statute limits the time in which the action for ‘injuries to the person’ may be brought, the statute is applicable to all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions ex contractu.” 34 American Jurisprudence, Limitation of Actions, § 103.
We are in agreement with the trial judge in his opinion that the action here is one sounding in tort. It is one of those situations which deals with injury to the person although the relationship between the parties originated by reason of a contract. We therefore hold that the action against the defendant funeral home was one in tort and has prescribed by the one year prescriptive period of LSA-Civil Code Art. 3536.
First National Life Insurance Co. The deceased maintained a burial policy with the defendant life insurance company under which the defendant agreed to pay a maximum of $500 toward deceased’s burial expenses. The record shows that the defendant actually paid $500 toward deceased’s burial expenses.
Plaintiffs contend that the defendant life insurance company breached its contract as a result of the accident because it had warranted a decent burial for the deceased. The record does not show such a warranty. The evidence shows that the defendant agreed to pay a maximum of $500 and that it did in fact pay the $500. Defendant paid all that it agreed to pay under the provisions of the policy. Therefore, it cannot be held that the defendant insurance company is further indebted to plaintiffs.
Decree. For the foregoing reasons the judgment of the district court is affirmed. Plaintiffs are assessed costs of this appeal.
Affirmed.