163 So.2d 186 (1964)
Ivan BROOKS
v.
Dr. Charles R. ROBINSON.
No. 1376.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1964.
Rehearing Denied May 4, 1964.
Writ Refused June 26, 1964.
Frederick P. Heisler, New Orleans, for plaintiff-appellant.
Bienvenu & Culver, P. A. Bienvenu, H. F. Foster III, New Orleans, for defendant-appellee.
Before McBRIDE, REGAN and CHASEZ, JJ.
CHASEZ, Judge.
Ivan Brooks filed suit against Dr. Charles R. Robinson on October 18, 1961, demanding damages for the defendant's breach of an alleged contract to render him medical services.
From a judgment maintaining defendant's exceptions of no cause of action and prescription of one year and dismissing plaintiff's suit, plaintiff appeals.
Plaintiff's petition alleges a verbal contract of February, 1958, by which defendant agreed to treat plaintiff for "tuberculosis to which petitioner had been exposed"; that on defendant's instructions *187 plaintiff had his chest X-rayed at the New Orleans Health Department, which communicated a report dated March 4, 1958, to defendant, stating the X-ray showed fibrosis, and advising clinical study to determine the possibility of active pulmonary disease; that "despite the above" defendant took no action whatsoever to treat plaintiff, who remained unaware of the X-ray findings; that in November, 1959, on his own initiative plaintiff had another X-ray made, which showed far advanced, active pulmonary tuberculosis. Damages totalling $92,500.00 were claimed as a result of defendant's failure to either treat plaintiff or at least inform him of his condition in March of 1958 when the tuberculosis was in its early state.
The prescription of one year maintained below is that of LSA-C.C. Art. 3536, against claims for "damages * * * resulting from offenses and quasi offenses". Action which constitutes a breach of contract may, at the same time, also constitute a tort; and an action in tort to recover the damages caused (regardless of the contractual aspects of the facts) is prescribed by one year; Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963). But an action in contract to recover the damages is prescribed in ten years, and plaintiff may elect either contract or tort; American Heating & Plumb. Co. v. West End Country Club, 171 La. 482, 131 So. 466 (1930); Lafleur v. Brown, 223 La. 976, 67 So.2d 556 (1953).
Defendant here however, is a physician, and argues that all claims against a physician in his professional capacity, regardless of any contractual aspects, are prescribed in one year. The cases he cites in support of this position are Phelps v. Donaldson, supra; Bresler v. Nugent, 134 So.2d 694 (La.App.1961); and Kozan v. Comstock, 270 F.2d 839 (5th Cir. 1959). In these cases the question is raised whether tort or contract prescription applies. In Mills v. Doty, La.App., 116 So.2d 710 (1959), also cited by defendant, although tort prescription was applied, the issue was not even raised, much less decided.
Kozan v. Comstock was apparently the first case in which the issue was raised under Louisiana law. The basis of the complaint was alleged improper treatment by the defendant physician of a skin abrasion, which plaintiff claimed caused cancer and leg amputation. From its conclusion that the physician-patient relationship may exist independent of contract, and yet the duty of due care, and liability for negligent conduct, nevertheless may be owed by the physician to the patient, the court reached the further conclusion that breach of the duty of due care in all cases (whether or not a contract is present) constitutes a tort.
The court adds, at 270 F.2d 845:
"We do not mean to say that there can never be a contractual action against a physician. Generally, a physician undertakes only to utilize his best skill and judgment. When he negligently fails to do so he may have committed a tort. However, a physician may, by express contract, agree to effect a cure or warrant that a particular result will be obtained. In such instances an action in contract may lie against a physician. However, in the absence of a special warranty or contract, a malpractice suit against a physician is an action in tort and is subject to the limitation period for tort actions."
Thus, we take it, the court states in Kozan v. Comstock a patient damaged by his physician would in every case have an action in tort; and, where particular results were guaranteed by the physician, an action in contract. The petition in Kozan v. Comstock, although not set forth, is said to be "based on allegations of malpractice", "inextricably bound up with the idea of breach of implied contract."
We understand the Kozan v. Comstock case to hold that a claim against a physician *188 based on implied contract, or quasi contract, is prescribed by the prescription applicable to tort. Our difficulty with this view is that (regardless of the views of other states) the Louisiana law of one year tort prescription LSA-C.C. 3536, relates to "offenses and quasi-offenses"; and we are unable to conclude that because a breach of contract (or quasi contract) constituted a tort, it does not constitute a breach of contract (or quasi contract). We believe it does not follow, from the premise that in some cases a physician may have a duty of due care, even without a contract, that in all cases a breach of the dutyeven though there is a contractis exclusively tort.
We believe that the Louisiana law is, as stated by the Louisiana Supreme Court in Illinois Cent. R. Co. v. New Orleans Terminal Co., 143 La. 467, 78 So. 738 (1918), that:
"* * * there is no reason why the breach of a contract by means of a tort should not furnish ground for an action for breach of contract. A contractor cannot liberate himself from his contract, or, in other words, destroy its obligation, by committing a tort; and if the obligation is not destroyed, but remains in full force, and the contract is breached, there is evidently a ground of action on the contract. Because a certain act of omission or commission violates the general duty which a person owes to society not to injure another is no reason why it should not, at the same time, violate a special duty owing to this other by virtue of a contract to do or not to do that particular thing, and why the violation of the latter duty should not furnish a cause of action. The measure of damages may be different for the injury caused by an act accordingly as the act is viewed as a breach of contract or as a tort; and, clearly, the party injured should be entitled to the one or the other action accordingly as his interest may dictate. * * *"
Accordingly, we are of the opinion that the reasoning of Kozan v. Comstock case does not dispose of the present matter.
In Bresler v. Nugent, supra, involving a claim against a hair-dresser for improper chemical treatment, our brothers of the Third Circuit quoted Dean Prosser to show the possibility of improper hairdressing as tort, and relied on Kozan v. Comstock and Mills v. Doty, supra, to hold that claim a tort prescribed by one year.
In Phelps v. Donaldson, supra, our Supreme Court described the suit as "for damages in tort for alleged malpractice * * and, alternatively, for damages for the breach of a contract warranting particular results" (emphasis supplied). The Court held the tort claim prescribed by one year, and held that the "contract warranting particular results" was not proven. The contractual allegations, we note, were not dismissed on the basis of prescription, but rather after a trial on the merits.
We consider the present matter analogous to the alternative claim in Phelps v. Donaldson, supra. Here, too, the allegation is of contract, and the breach alleged is simple non-performance; plaintiff does not allege unskillful performance, but failure to perform at all. These allegations are taken as true for purposes of the exceptions raised here. We conclude that the action for damages for the breach of contract declared upon is not prescribed by one year, but by the 10-year prescription of LSA-C.C. 3544, against "* * * all personal actions, except those before enumerated".
The District Court judgment dismissing the suit also maintained an exception of no cause of action. It is clear from the trial brief in support of this exception that defendant's only argument was that since he raised the plea of prescription, and the court was therefore obliged to take note of it, the petition affirmatively showed that no cause of action survived the prescriptive period pleaded by defendant. Defendant's *189 brief is erroneous in this argument, since stating a prescribed cause of action is not the equivalent of stating no cause of action at all; the two grounds of exception are distinct. The petition does state a cause of action in contract, at least for some of the damage claimed.
Accordingly, the judgment appealed from is annulled, and set aside; the exceptions are overruled, and the matter is remanded for further proceedings not inconsistent with the views herein expressed. Costs are to await final judgment in the matter.
Remanded.