SAVOY, Judge.
Plaintiff filed this suit against Jack C. Karam and John P. Navarre. For a cause of action plaintiff alleged that on September 14, 1967, Karam executed an act of sale of real estate in favor of Charles DeRouen before Navarre who prepared the deed and acted as Notary Public; that on September 18, 1967, Navarre, as attorney, rendered a title opinion to plaintiff, stating that DeRouen had a mercantable title to said property. Plaintiff also alleged that shortly thereafter he purchased said real property from DeRouen by deed also pre *290 pared by Navarre; that m March, 1969, it came to his attention that neither the deed from Karam to DeRouen nor from DeRouen to him had been recorded, and that in the meantime, Karam had sold this land to a third party; that DeRouen is insolvent; and, that plaintiff has been damaged in the sum of $10,000.00. Plaintiff prayed for an insólido judgment against Karam and Navarre for the above sum.
Navarre filed a plea of one year libera-tive prescription. This is based on LSA-C.C. Article 3536 which provides:
“The following actions are also prescribed by one year:
“That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.
“That which a possessor may institute, to have himself maintained or restored to his possession, when he has been disturbed or evicted.
“That for the delivery of merchandise or other effects, shipped on board any kind of vessels.
“That for damage sustained by merchandise on board ships, or which may have happened by ships running foul of each other.”
The district judge maintained this exception and dismissed the suit as to Navarre. Plaintiff has appealed.
It is the contention of counsel for appellant that this is an action for breach of contract and is prescribed in ten years under the provisions of LSA-C.C. Article 3544 dealing with personal actions.
The prescriptive period which should be used in this type case has caused some concern to the courts of this state. For an excellent discussion on the subject, see Brooks v. Robinson, 163 So.2d 186 (La.App. 4 Cir. 1964), writ refused.
In Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35, the Supreme Court held that malpractice actions are'tortious m nature and prescribe in one year. In the instant case more than one year has elapsed between the time the negligent act complained of became known to plaintiff in March of 1969, and the filing of the suit in January of 1972. There is no alternative allegation in the petition alleging damages for breach of contract.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.