315 So.2d 144 (1975)
James M. STEEL et al.
v.
AETNA LIFE AND CASUALTY et al.
No. 55854.
Supreme Court of Louisiana.
March 7, 1975.
Writ denied. On the facts found, the result is correct.
BARHAM and TATE, JJ., concur and assign reasons.
DIXON, J., dissents from the denial.
CALOGERO, Justice (dissents).
The doctrine of contra non valentem has no application to malpractice cases, in my view. Furthermore we should consider whether Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35, has been properly applied in this case, and if so, whether it is correct. See Creighton v. Karlin, La.App., 225 So. 2d 288 (4th Circuit).
BARHAM and TATE, JJ. (concurring in Writ Denial).
Plaintiffs' suit for medical malpractice can only be said to arise out of their contractual relationship with their doctor. The surgery which is alleged to have caused permanent disability to plaintiffs' minor child came about under the doctor's contract to perform that surgery. This contract can be breached by negligent acts as well as intentional acts. A part of the doctor's contractual obligation was to use care, prudence and skill in his performance. Here it is alleged that the performance of the obligation was done in a negligent manner and that it caused damage to the plaintiffs and their minor child. This constitutes a suit for breach of contract. Any other conclusion is difficult to reach intellectually.
While a ten-year prescriptive period for personal injuries received because of the negligent performance of a contract may appear to be an exceedingly long period for such a case, the law makes no distinction. Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963) appears to have made that distinction. We suggest that if the legislature intends that physicians who cause personal injury through negligent acts in the performance of their medical contracts with patients should have a different prescription applied to them, it should so provide. If it fails to do so this Court should return to the proper interpretation of the law as it now is written.