351 So.2d 845 (1977)
Mavoureen Green BALL, Plaintiff-Appellant,
v.
Dr. James H. SIESS, Defendant-Appellee.
No. 13348.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Campbell & Campbell by L. G. Campbell, Bossier City, for plaintiff-appellant.
Bodenheimer, Jones, Klotz & Simmons by C. Gary Mitchell, Shreveport, for defendant-appellee.
Before BOLIN, HALL and JONES, JJ.
JONES, Judge.
Plaintiff appeals the dismissal of her action for damages against a dentist for allegedly *846 improperly fitting her for dentures. The trial court held plaintiff's petition alleged an action in tort which had prescribed by the lapse of one year. LSA-C.C. Art. 3536. The case was decided on the basis of the allegations in the petition as no evidence was offered in support of defendant's plea of prescription. We affirm. The following facts have been extracted from the allegations of the petition.
On December 24, 1974, plaintiff was fitted by defendant for a set of dentures. The dentures were uncomfortable at the time of the initial fitting but plaintiff was told with continued use the discomfort would disappear. The dentures remained painful and plaintiff returned to defendant's office four times during the nine month period following acquisition of the dentures. On each occasion she complained of pain and inability to chew her food and attempted to get defendant to make some alteration or adjustment to the dentures in order that she could successfully wear them pain-free and be able to chew her food. Defendant on each of the visits told her the dentures were properly fitted and continued use would resolve the problems. Plaintiff alleges on the third visit defendant rudely invited her out of his office, and on the fourth visit in August, 1975, he unequivocally advised her he had no intention of making adjustments to her false teeth. Plaintiff then went to another dentist who examined her dentures, advised they were improperly fitted and attempted unsuccessfully to fit the dentures. On September 12, 1975, she went to a third dentist who adjusted the dentures to plaintiff's satisfaction. Suit was filed September 14, 1976, for costs of adjustment by the other dentists, for physical pain and mental anguish endured by wearing the improperly fitted teeth and for humiliation and embarrassment due to the verbal abuse by defendant.
The issue on appeal is whether plaintiff's action is in tort to which one year prescription applies or in contract to which ten years prescription applies.
In the decision of Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963), the Supreme Court recognized as a general rule that a physician who undertakes the treatment of a patient does not guarantee a cure, nor does he promise to effect a cure, nor does his undertaking employment result in any implied promise to cure. The court therein stated:
`" * * * For this reason a physician cannot be held up to a standard of civil responsibility similar to that of engineers, mechanics, and shipbuilders. Of course a physician might contract specifically to cure and he would be liable on his contract for failure, but, in the absence of such a special and peculiar contract, the fact that treatment has resulted unfavorably does not even raise a presumption of want of proper care, skill, or diligence.. . ."' Id., 150 So.2d page 37
Plaintiff argues that a dentist's services in the preparation and fitting of dentures are not like a physician's but are comparable to that rendered by engineers, mechanics, and shipbuilders and for this reason all causes of action resulting from improper performance of these services are based solely on contract. In order to construct and fit dentures a dentist is required to possess knowledge of the human anatomy, in particular the teeth, bones, nerves, blood vessels and gums of the mouth. The court in Phelps, which dealt with an orthodontist, recognized a dentist was like a physician and is not an insurer or guarantor of results in the absence of an express agreement. The court found there can be no implied contract by a doctor, the breach of which would give rise to an action in contract and prescribe in ten years. See also Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App., 3d Cir. 1974), writ denied, 315 So.2d 144 (La.1975) and Dauzat v. St. Paul Fire & Marine Insurance Company, 336 So.2d 540 (La.App., 3d Cir. 1976).
Plaintiff's petition contains no allegations of an express contract between the parties whereby defendant warranted to plaintiff a particular result. The only allegation concerning a contract was plaintiff's agreement to pay defendant $350 for his services. This agreement to pay for services without *847 additional allegation of a specific agreement by defendant to warrant a particular result is insufficient to give rise to a contract action.
Plaintiff cites Phelps v. Donaldson, supra; Dauzat v. St. Paul Fire & Marine Insurance Company, supra and Creighton v. Karlin, 225 So.2d 288 (La.App., 4th Cir. 1969) as authority for her position that her cause of action is one in contract rather than in tort. The Phelps and Dauzat cases require an express, specific agreement for a particular result before the action can be categorized as one in contract. Plaintiff failed to allege this type of agreement and these cases are contra to her position.
The Creighton case does support plaintiff's theory and provides the failure of a physician to treat his patient with the care and skill prevailing in the community constitutes a breach of an implied contract and the patient can assert a contractual cause of action which would be governed by a prescriptive period of ten years. We decline to follow Creighton because it is contra to Phelps, Steel and Dauzat.
Plaintiff's dental malpractice action is in tort and the applicable prescriptive period is one year from the time she had actual or constructive knowledge of the tortious act, the damage, and the causal relation between the tortious act and the damage. LSA-C.C. Art. 3536; Quick v. Aetna Casualty & Surety Company, 347 So.2d 59 (La.App., 2d Cir. 1977).
The record reflects the possibility that plaintiff discovered the tortious conduct as early as January, 1975, when she returned to defendant complaining of pain with her new dentures. At least by August, 1975, plaintiff had discovered defendant had improperly fitted the dentures and at the latest by September 12th when the third dentist satisfactorily adjusted her dentures. Suit was not filed until September 14, 1976, more than one year from plaintiff's actual knowledge of the tortious conduct, the damage and their causal relation. Plaintiff's action in tort is prescribed. LSA-C.C. Art. 3536.
For the reasons assigned, judgment is affirmed at plaintiff's cost.