354 So.2d 731 (1978)
Mildred Hall LOMBARDO
v.
ARGONAUT INSURANCE CO., Donald Richardson, M.D., Methodist Hospital, et al.
No. 8415.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
Rehearing Denied February 14, 1978.
Writ Refused March 27, 1978.
*732 Levy & Smith, Lawrence J. Smith, New Orleans, for plaintiff-appellant.
Lawrence D. Wiedemann, Wiedemann & Fransen, New Orleans, for defendants-appellees.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
BOUTALL, Judge.
This appeal involves medical malpractice and prescription. The sole issue is, assuming that the defendant physician did not have informed consent or any consent of the plaintiff for the performance of the surgical procedure known as a rhizotomy, what is the applicable prescriptive period to such a cause of action, i. e., one year, or ten years?
The conceded facts are that Mildred Hall Lombardo underwent a laminectomy at Methodist Hospital, performed by Dr. Donald Richardson. While she was still in the hospital several days later, Dr. Richardson performed a rhizotomy upon her without her consent and without any explanation. It is this second surgical procedure in question here. These facts were uncontested for the purposes of a motion for summary judgment, as well as facts which show that the prescriptive period of one year provided in Louisiana Civil Code Article 3536 against claims for damages resulting from offenses and quasi offenses, has already tolled prior to suit. Similarly, the facts show that 10 years have not yet run. The operation was performed in 1970 and suit was filed in 1974, hence the prescriptive provisions of L.R.S. 9:5628, effective in 1975, do not apply.
We are of the opinion that the applicable prescriptive period is one year under C.C. Article 3536. That Article states: "The following actions are also prescribed by one year: That * * * resulting from offenses or quasi offenses."
Appellant urges that we should apply the ten year prescriptive period of contracts under C.C. Article 3544, contending that the doctor-patient relationship is a contract for medical care under which the physician contracts to treat his patient in accordance with the standards of care in the community and that the physician's action in performing an operation on the patient without her consent or without her informed consent, constitutes a breach of contract. Appellant relies upon our holdings in the cases of Brooks v. Robinson, 163 So.2d 186 (La.App. 4th Cir. 1964); Creighton v. Karlin, 225 So.2d 288 (La.App. 4th Cir. 1969); and Barrios v. Sara Mayo Hospital, 264 So.2d 792, (La.App. 4th Cir. 1972). Each of these cases held that under the facts *733 presented therein, there was a breach of contract which prescribed only in ten years.
In turn, appellee contends that an operation without the consent of the patient sounds in tort, and refers us to the cases of Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (La.1963) and Steel v. Aetna Life & Casualty Company, 304 So.2d 861 (La.App. 3rd Cir. 1974). Writs refused by the Louisiana Supreme Court, 315 So.2d 144, (1975).
We are, of course, bound to follow the decisions of the Louisiana Supreme Court. Since writ denials do not ordinarily create precedent, we are governed by the rules laid down in Phelps v. Donaldson, supra. That case was brought upon two bases, one for damages arising from tortious action, and the other for violation of an alleged contract between doctor and patient wherein specified results were warranted. The court held that the alleged defective work by the doctor was subject to the one year prescription applicable to the tort claims and affirmed the maintenance of an exception of prescription. On the alternative contractual demand, it found that on the facts there was no contract made and accordingly affirmed the dismissal of that demand. We gather from these holdings that it is incumbent upon the court to inquire into the nature of the facts surrounding the cause of action in order to make a determination whether the proceeding is one in tort or in contract. In this view, we do not share completely the view expressed by the court in Steel, supra, but we must note that the writ denial in that case was "on the facts found, the result is correct."
In our examination of the facts of this case, we determine that they are unlike the factual situations in the previous cases before this circuit, Brooks, Creighton and Barrios, supra. None of the previous cases were concerned with an operation being performed without the consent of the patient.
The consent of the patient is a prerequisite to a surgical operation, and the surgeon who performs an operation without his patient's consent, express or implied, is liable in damages. See Goodwin v. Aetna Casualty & Surety Company, 294 So.2d 618 (La.App. 4th Cir. 1974). In the case of Rogers v. Lumberman's Mutual Casualty Company, 119 So.2d 649 (La.App. 2d Cir. 1960) it was held that the action of a surgeon who performs an operation without the consent of his patient constitutes a trespass against the person in the nature of assault and battery and subjects him to liability for damages. We would adhere to the principles announced in that case, which appear to be consistent with the majority rule of prevailing opinion. There is a marked similarity between the facts in that case and the facts in this case, and we conclude that the cause of action herein sued upon, an operation by a physician lacking the consent of his patient, is based on tort and not a matter of breach of the contractual obligations which may have existed between them.
For these reasons, the judgment of the trial court dismissing plaintiff's suit on the basis of one year prescription is affirmed.
AFFIRMED.
GARSAUD, Judge, dissenting.
As the record will reflect,
"[t]he sole issue in this case by stipulation between counsel is assuming that the defendant physician in this case did not have informed consent or any consent of the plaintiff for the performance of the surgical procedure known as a rhizotomy, what is the applicable prescriptive period to such a cause of action, i. e., one year or ten years?"
It is my view that this matter is res nova. No prior medical malpractice case raised the question of prescription where there was a total absence of consent.
Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963), is at best haltingly analogous and does not support the appellee's position. Nor do I read Phelps as did the Third Circuit in Steel v. Aetna Casualty Co., 304 So.2d 861 (La.App. 3d Cir. 1974), cert, den. 315 So.2d 144 (1975). With regard to the contract question, Phelps merely concluded *734 that the plaintiff was unable to prove her allegation of an agreement between the plaintiff and the physician wherein the latter warranted a specific result or cure. It is impossible for me to elevate that limited holding to the general principle that "a medical malpractice claim cannot be brought under the theory of contract unless the physician warrants or promises a particular result." Steel, supra, at 864.
The majority properly relied on Rogers v. Lumberman's Mutual Casualty Co., 119 So.2d 649 (La.App. 2d Cir. 1960), for the proposition that a surgeon who performs an operation without the consent of his patient commits a battery and is liable for damages. The claim in that case, however, was brought within one year, thus the issue of prescription never arose. Nonetheless, the fact that such an operation is a battery does not preclude its also sounding contract. Brooks v. Robinson, 163 So.2d 186 (La.App. 4th Cir. 1964), writs refused 246 La. 583, 165 So.2d 481 (1964).
Stemming from the special relationship between physician and patient is an implied agreement to use the standard of professional skill and care customarily prevailing in the locality. Creighton v. Karlin, 225 So.2d 288 (La.App. 4th Cir. 1969), writs refused 254 La. 842, 227 So.2d 590 (1969). Operating without the consent of a patient, absent an emergency, is an act which clearly falls below any standard of professional skill and care of the medical profession in this community. In this case, then, there was breach of an implied agreement between the plaintiff and her physician. Plaintiff's pleadings allege that breach and were filed within the applicable ten-year prescriptive period.
The Motion for Summary Judgment should not have been granted. I respectfully dissent.