363 So.2d 726 (1978)
David Leroy CARROLL, Sr., et al., Plaintiffs-Appellants,
v.
AETNA CASUALTY AND SURETY COMPANY et al., Defendants-Appellees.
No. 13640.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1978.
*727 Stephen E. Everett, Alexandria, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley by James B. Gardner, Shreveport, for defendants-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
PRICE, Judge.
Plaintiffs have appealed the judgment sustaining a plea of prescription to their claims against a physician for damages in a malpractice suit.
The principal issue is whether the prescriptive period for a tort or breach of contract cause of action is applicable.
Plaintiffs brought this suit on July 6, 1977, to recover damages for themselves and their minor son, alleged to have been caused by the neglect of the defendant physician in the performance of medical services related to the birth of the child on January 19, 1971. Plaintiffs contend that because of a breech delivery, the child was deprived of oxygen for a period of time sufficient to cause permanent brain damage which is now apparent in the impaired learning and development of the child.
The physician and his liability insurer filed peremptory exceptions pleading the prescription of one year for tort claims provided by La.C.C. Art. 3536 and alternatively the peremption period of three years provided by La.R.S. 9:5628(A).[1]
On trial of the exceptions it was shown that plaintiffs had constructive knowledge of the alleged negligence of the physician and its causal relation to the damages sustained for a period in excess of one year prior to the filing of this suit. This would ordinarily bar recovery under the holding of this court in Quick v. Aetna Casualty and Surety Company, 347 So.2d 59 (La.App. 2d Cir. 1977) which followed the Supreme Court decision in Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970). Plaintiffs contend however that their action is one for breach of contract, and that the applicable prescriptive period is ten years. The trial court rejected this argument basing its holding on the Supreme Court decision in Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963), after finding that the physician had not contracted with plaintiffs to warrant a particular result. Plaintiffs contend that it is not necessary to find that a physician agreed to achieve a specific result, but that a mere agreement to provide medical services constitutes an implied contract to use the usual degree of professional skill, and therefore, a suit based on the failure to use this skill is an action for breach of contract which is subject to the ten-year prescriptive period. Plaintiffs rely on the decisions of the First and Fourth Circuits in Henson v. St. Paul Fire and Marine Insurance Company, 354 *728 So.2d 612 (La.App. 1st Cir. 1977),[2] and Creighton v. Karlin, 225 So.2d 288 (La.App. 4th Cir. 1969). Henson, following the decision in Creighton, holds that "when a patient goes to a doctor for treatment and the doctor agrees to treat him a contract has been entered into." The Third Circuit, based on Phelps v. Donaldson, supra, has rejected the view of Henson and Creighton and held that medical malpractice actions are in tort and prescribed in one year unless the physician has contracted for a particular result. Steel v. Aetna Life and Casualty, 304 So.2d 861 (La.App. 3rd Cir. 1974) and Dauzat v. St. Paul Fire and Marine Insurance Company, 336 So.2d 540 (La.App. 3rd Cir. 1976). This court, relying on Phelps v. Donaldson, supra, has also followed the same rule as set forth in Steel and Dauzat in its decisions in Quick v. Aetna Life and Casualty, supra, and Ball v. Siess, 351 So.2d 845 (La.App. 2d Cir. 1977). We do not find any valid reason to now reverse our position on this question as it appears to be in accordance with the latest expression of the Supreme Court.
For the foregoing reasons, the judgment is affirmed at appellant's cost.
NOTES
[1] We do not find it necessary to discuss whether this 1975 statute providing for a prescriptive and peremptive period for all medical malpractice actions, whether in tort or contract, should be given retroactive effect because of our view on the correctness of the trial court's finding that the one year tort prescription is controlling.
[2] An application for writs has been granted by the Louisiana Supreme Court in this case.