366 So.2d 213 (1978)
John M. SUMERALL, Sr., Individually and as Administrator of Estate of minor, John M. Sumerall, Jr., et ux., Plaintiffs-Appellants,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Defendants-Appellees.
No. 13723.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1978.
Edmund M. Thomas, S. Patrick Phillips, Shreveport, for plaintiffs-appellants.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendants-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
BOLIN, Judge.
This is a medical malpractice case against a doctor and his insurer. More than one year having elapsed from the alleged negligence until suit was filed, defendant filed a plea of prescription which was sustained. Plaintiffs appeal and we affirm.
The primary issue is whether the action is one in tort which prescribes in one year. Assuming we find the prescriptive period is one year, the secondary issue is when the time began to run.
Plaintiffs took their six-month-old son to defendant, Dr. Riechman, on December 26, *214 1974 for treatment of seizure symptoms. The doctor diagnosed an ear infection and congestion and prescribed penicillin. The symptoms did not subside and on January 4, 1975, the child was taken to a hospital where a pediatrician, Dr. Winterton, diagnosed the illness as acute meningococcal meningitis. The child remained in the hospital for two weeks. After the initial hospitalization the child continued to have seizures. He has been hospitalized on subsequent occasions for treatment of conditions secondary to the meningitis. He now suffers from permanent brain damage and mental retardation.
Plaintiffs brought suit against Dr. Riechman on June 9, 1976 for his failure to diagnose meningitis. In their petition they alleged the cause of action was based upon a contract because the doctor agreed to treat the child in exchange for a fee. In the alternative, the plaintiffs sought relief in tort, alleging they did not know the child was permanently damaged until June 1975. Defendants filed a plea of prescription of one year, contending the suit was a tort action. After considering the depositions of the parents and doctors, the trial court sustained the one year prescriptive plea.
Plaintiffs' first argument on appeal is that the trial court erred in ruling that this is a tort action. They rely primarily on Henson v. St. Paul Fire and Marine Insurance Co., 354 So.2d 612 (La.App. 1st Cir. 1978) for the proposition that a medical malpractice action may be contractual in nature because the patient and doctor have entered into a contract for treatment. The Louisiana Supreme Court granted writs in Henson and rendered its decision on October 1, 1978. The decision was rendered on other grounds and the court did not address the question of whether a medical malpractice action may sound in contract simply because the doctor and patient have entered an agreement for treatment. Henson v. St. Paul Fire and Marine Ins. Co., 363 So.2d 711 (La.1978).
We adhere to the view that a medical malpractice action is delictual in nature unless the physician warrants or promises a particular result. Carroll v. Aetna Casualty & Surety Co., 363 So.2d 726 (La.App. 2d Cir. 1978); Ball v. Siess, 351 So.2d 845 (La.App. 2d Cir. 1977). See also Dauzat v. St. Paul Fire and Marine Ins. Co., 336 So.2d 540 (La.App. 3rd Cir. 1976); Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App. 3rd Cir. 1974). These decisions are based upon Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963). Since plaintiffs do not contend Dr. Riechman warranted a specific result, the trial court correctly ruled this is a tort action.
Plaintiffs next argue that prescription did not commence running until June 9, 1975, when they were informed their son was permanently damaged. As noted by the trial court, prescription may begin running before the parties are fully aware of all the consequences of a tortious act. In Quick v. Aetna Casualty & Surety Co., 347 So.2d 59 (La.App. 2d Cir. 1977), we stated:
In tort cases prescription generally does not commence to run until the injured party has actual or constructive knowledge of the tortious act, the damage, and the causal relation between the tortious act and the damage. Duhon v. Saloom, 323 So.2d 202 (La.App. 3d Cir. 1975), and cases cited therein.
In Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970), the court stated constructive knowledge to be:
". . . whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry, is sufficient to start the running of prescription." 347 So.2d at 61
It is undisputed the parents were aware of Dr. Riechman's failure to diagnose meningitis on January 4, 1975. The question is whether they had actual or constructive knowledge prior to June 1975 of the relationship between the alleged lack of early diagnosis and the resultant permanent damage.
*215 Dr. Winterton stated he discharged the child from the initial two-week hospitalization in January 1975 with a diagnosis of meningococcal meningitis with probable severe motor and mental retardation secondary to meningitis. He did not tell the parents the child definitely would be permanently damaged because such an ultimate prognosis could only be given after the passage of time. However, he did state he was sure he informed them at that time of the possibility of permanent damage and that the child was definitely exhibiting abnormal neurological signs. In February of 1975 Dr. Winterton referred the child to a neurosurgeon. The child was hospitalized by the neurosurgeon who performed certain tests and treated him for hydrocephalus which is secondary to meningitis. In April 1975 Dr. Winterton again treated the child for seizure control.
Considering that the parents had been told the child could be permanently damaged in January 1975, and that the child's condition worsened during the spring of 1975 requiring further hospitalization and continued medical treatment, the parents had sufficient knowledge prior to June 1975 for prescription to commence running.
The judgment is affirmed at appellants' cost.