ELLIS, Judge.
This is a suit by Helen Sciacca against Dr. Louis A. Polizzi and Julius Schmid Company, also known as Schmid Laboratories, for damages for personal injuries arising out of the insertion of an intrauterine device into the uterus of Ms. Sciacca. The petitions and supplemental petitions filed herein allege in effect that, relying entirely on the advice of Dr. Polizzi, plaintiff permitted the insertion of a “Saf-T Coil” IUD, manufactured by defendant Schmid. The procedure was performed on April 18,1972. It is further alleged that Dr. Polizzi specifically warranted the IUD to be totally harmless.
It is further alleged that plaintiff began to experience severe abdominal pain in January, 1974, and on February 9, 1974, had the IUD surgically removed. It is alleged that the IUD had perforated plaintiff’s uterus, causing the difficulty and other subsequent surgical procedures.
*1320 She alleges that her injuries resulted from improper insertion of the IUD by Dr. Polizzi, and/or from defects in the design or manufacture of the IUD. Basically, Ms. Sciacca is alleging a cause of action based on either a breach of his service contract by Dr. Polizzi, or a breach of warranties extended by Dr. Polizzi to plaintiff or by Schmid to plaintiff through Dr. Polizzi.
The suit was filed on May 13, 1976, over two years after the operation of February 7, 1974. Both defendants have filed exceptions of prescription. Since the cause of action arose prior to the effective date of R.S. 9:5628, which makes the one year prescriptive period applicable to malpractice suits against physicians whether in tort or contract, the former law is applicable. Lott v. Haley, 370 So.2d 521 (La.1979).
Authority on the prescriptive period applicable to medical malpractice suits is divided. The Second and Third Circuits have held that the prescription of one year is applicable in medical malpractice cases, unless there is a contract guaranteeing a specific result, in which case the prescription of 10 years is applicable. Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App. 3rd Cir. 1974), writ denied 315 So.2d 144 (La.1975); Sumerall v. St. Paul Fire & Marine Ins., 366 So.2d 213 (La.App. 2nd Cir. 1978). These courts based their holdings on the Supreme Court case of Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963).
However, this court and the Fourth Circuit, distinguishing the Phelps case, supra, have found that a negligent act of malpractice by a physician can constitute either an offense or a breach of the contract for services entered into between the doctor and his patient. An action for negligent breach of this service contract can be brought within ten years, even though a tort action for the same offense may be barred by the prescription of one year. Creighton v. Karlin, 225 So.2d 288 (La.App. 4th Cir. 1969); Henson v. St. Paul Fire & Marine Ins. Co., 354 So.2d 612 (La.App. 1st Cir. 1977). Writs were granted in the latter case, and the judgment was affirmed, without the Supreme Court reaching the issue of the applicable prescriptive period. 363 So.2d 711 (La.1978).
We still adhere to the views expressed in the Henson case, supra, and find that the prescription of ten years is applicable to the alleged breach of contract by Dr. Polizzi.
With respect to Schmid, there is a different result. The record shows that Schmid sold the IUD to Dr. Polizzi, who implanted it in plaintiff and charged her a standard professional fee. The cost of the IUD was absorbed by Dr. Polizzi. There is, therefore, no privity of contract between plaintiff and Schmid. In Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970), the court said:
“While there are numerous appellate court decisions providing, ‘A manufacturer or seller of a product which involves a risk or injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part sustains an injury caused by a defect in the design or manufacture of the article, if the injury might have been reasonably anticipated,’ the fact remains that such action is one in tort and not in contract. There existing no privity of contract between the plaintiff and defendants in this suit, the mere allegations of breach of warranty is not enough to change the character of the action into one arising out of contract and bring it within the ten year prescriptive period.”
We find the Cartwright case to be controlling and the plaintiff’s action against Schmid to be barred by the prescription of one year.
The judgment appealed from is therefore reversed insofar as it dismisses plaintiff’s suit against Dr. Polizzi, the exception of prescription is overruled as to him, and the case remanded to the trial court for further proceedings, according to law; the judgment is affirmed insofar as it dismisses the suit as to Schmid. Costs of this appeal shall be shared equally by plaintiff and Dr. Poliz-zi. All other costs await final disposition hereof on the merits.
*1321 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.