444 So.2d 1309 (1984)
Joyce Faciane, wife of/and John MARTIN
v.
SOUTHERN BAPTIST HOSPITAL OF NEW ORLEANS, INC.
No. CA 0926.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
Rehearing Denied February 22, 1984.
*1310 Monte J. Ducote, New Orleans, for defendant-appellee.
Abbott J. Reeves, Gretna, for plaintiff-appellant.
Before SCHOTT, BARRY, and WARD, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing her suit on an exception of prescription. In April, 1982, she sued for damages allegedly resulting from breach of contract by defendant hospital when she was a patient there in May, 1972. The issue is whether plaintiff's cause of action can be considered as an action in contract so that the ten year prescription of LSA-C.C. Art. 3544 applies or must it be considered as a tort action which has prescribed under the one year limitation of C.C. Art. 3536.
When plaintiff was admitted to the hospital for a hysterectomy she signed an admit form containing the following:
"In consideration of the hospital care and services furnished and to be furnished by Southern Baptist Hospital, I hereby authorize the respective insurance companies to pay directly to said hospital all hospital benefits now due and to become due and payable to me under my hospitalization insurance policy(ies) by virtue of my admission to said hospital."
In her petition plaintiff alleged the following: On May 1, 1972, when she sought medical treatment from a Dr. Vaughn, "a physician-patient contractual relationship" was entered into between her and defendant with Dr. Vaughn contracting in his capacity as her physician and as an agent of defendant to provide hospital care and service, including but not limited to the performance of the hysterectomy. However, Dr. Vaughn did not perform the hysterectomy, but a Dr. Steele did without her consent or approval. This conduct constituted a breach of the contract between her and defendant. She further alleged as follows:

"X
As a direct result of the defendant hospital's breach of contract, Joyce Faciane Martin suffered personal injury and economic losses including, but not limited to: unnecessary surgery to stop hemorrhaging due to absence of attending physicians, absence of attending physician to order catherization of bladder, contracting serum hepatitis, chronic progressive active hepatitis, chronic persistent hepatitis, chronic quiescent hepatitis, back fracture, prednizone induced acne, obesity, personality change, nervousness, damaged liver, jaundice, loss of availability for employment, in the amount of $125,000.00.

* * * * * *

"XIV.
The defendant hospital further breached its express contract with petitioners by releasing confidential information of petitioners to unauthorized persons.

* * * * * *

XVII.
By virtue of the hospital, for consideration, agreeing to provide hospital care and services toward the petitioner, Joyce Faciane Martin, as her known condition might require and further agreed that the petitioner was to be free from mental and physical abuse and was to be treated with consideration, respect, and full recognition of her dignity and individuality, several incidents of neglect, lack of proper supervision, abuse, and the like amounted to a breach of the plaintiff's express contractual obligations as set forth above.
*1311 In analyzing plaintiff's petition we find five factual allegations of misconduct on the part of defendant:
1. It allowed Dr. Vaughn to abandon plaintiff who was his patient and allowed Dr. Steele to perform the operation without plaintiff's consent.
2. It subjected plaintiff to `unnecessary surgery to stop hemorrhaging due to the absence of an attending physician to order catherization of the bladder.
3. It allowed plaintiff to contract hepatitis.
4. It allowed plaintiff to suffer back fracture, acne, obesity, psychological problems and liver problems.
5. It released confidential information about plaintiff to unauthorized persons.
In addition to the exception of prescription defendant filed an exception of res judicata based on a suit filed by her against the hospital which suit was dismissed by the trial court and affirmed by this court at 352 So.2d 351 (La.App. 4th Cir.1977) writ refused 354 So.2d 210 (La.1978). Defendant also filed an exception of no right of action on the basis of C.C.P. Art. 425's proscription against division of an obligation for the purpose of bringing separate actions on different portions thereof.
On the basis of the pleadings, memoranda, and arguments of counsel the trial court overruled the exception of res judicata, but sustained the exception of prescription. The trial court did not rule on the exception of no right of action. Defendant did not answer plaintiff's appeal but did file in this court another exception of no right of action based upon C.C.P. Art. 425.
Our opinion in plaintiff's earlier case reveals that it was an action to recover damages for serum hepatitis she allegedly contracted from a blood transfusion while she was in surgery at the hospital. Her cause of action was based on defendant's negligence. Insofar as the present case seeks damages for hepatitis Art. 425 clearly precludes her recovery. Having already pursued recovery on defendant's obligation against causing her to contract hepatitis she cannot divide the same obligation into separate suits. Thus, the exception of no right of action is sustained as to her claim based upon the hepatitis and that portion of her claim is dismissed.
The broader question remains as to whether any of plaintiff's remaining claims can be considered contractual rather than delictual so as to avoid the one year prescription of C.C. Art. 3536.[1]
In Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963) the court held that an action for medical malpractice prescribes in one year unless there is a specific contract to cure. However, in Brooks v. Robinson, 163 So.2d 186 (La.App. 4th Cir.1964) writ refused 246 La. 583, 165 So.2d 481 (1964), this court made a distinction between nonperformance and unskillful performance of medical services and concluded that nonperformance gives rise to an action for breach of contract with the attendent ten year prescription of C.C. Art. 3544. In the instant case plaintiff argues that defendant's involvement with Dr. Vaughn's "abandonment" of her as a patient constituted non-performance as in Brooks and is therefore actionable in contract.
In Sciacca v. Polizzi, 403 So.2d 728 (La.1981) the court held flatly that medical malpractice suits are tort and not contract actions. Although Brooks was not specifically mentioned in the opinion, it was clearly overruled by implication. Consequently, any part of plaintiff's action against defendant arising out of Dr. Vaughn's alleged abandonment of her is prescribed and to that extent the judgment of the trial court is affirmed.
Plaintiff's claim based on defendant's alleged allowing a Dr. Steele to perform the operation is likewise prescribed. If Dr. Steele performed a non-emergency, *1312 elective hysterectomy on plaintiff without her consent and approval he may have committed assault and battery on her regardless of whether he performed the operation properly or not. This would be a tort and if defendant cooperated in the commission of the tort it was liable in tort under C.C. Art. 2324. Insofar as plaintiff's suit is based on this conduct it is barred by the one year prescription of C.C. Art. 3536.
As we read plaintiff's petition (paragraph × quoted above) one of her claims is that she was subjected to unnecessary surgery (we assume beyond the hysterectomy) to stop hemorrhaging because defendant failed to provide her with an attending physician to order catheterization of the bladder. Because of the vagueness of this allegation we do not know whether she is charging that defendant failed to have someone present in the operating room while the hysterectomy was being performed or failed to have an attending physician present to attend plaintiff after the operation was performed when she was in the recovery room or in her own room. In the former case, her claim has prescribed because the operating physician was responsible for her condition during the hysterectomy. As already discussed, any claim arising out of this particular conduct has prescribed. On the other hand, once the operation was performed and Dr. Vaughn or Dr. Steele was gone, plaintiff was in defendant's care and entitled to receive the care and services defendant had contracted to furnish including the presence of an attending physician on duty.
In Dillon v. Hospital Affiliates of Baton Rouge, 407 So.2d 493 (La.App. 1st Cir.1982) writ denied 409 So.2d 663 (La. 1982), the court found contractual liability on the part of the hospital when a patient, on the second day following a double mastectomy, and while under sedation, fell as she was returning from the bathroom unassisted. She testified that she had called for assistance, but when no one came for thirty minutes she had to go to the bathroom by herself. The court distinguished the case from Sciacca because it did not arise out of medical malpractice and was not based on a physician's negligence but rather from alleged breach of contractual due care. Similarly, if plaintiff's petition is construed to mean that while she was recovering from her surgery she began to hemorrhage so that she required the services of a physician but her condition went unnoticed by hospital personnel, or she was not treated because no physician was on duty, she may be able to prove that defendant breached its contract to provide adequate care and services. To this extent her claim would not be barred by the one year prescription.[2]
Plaintiff's allegation that the hospital allowed her to suffer back fracture, acne, obesity, psychological problems, and liver problems is again difficult to address because it is so vague. It seems to be a recitation of conditions which resulted from the various derelictions charged to the hospital and Drs. Vaughn and Steele but we can only speculate as to how they may be connected. If they resulted from physician malpractice such claims have prescribed, but if they resulted from the failure of the hospital to provide adequate care and services they have not.
Finally, in paragraph XIV plaintiff claims that defendant released confidential information about her to unauthorized persons and alleges that this constituted a breach of contract. This curious allegation does not appear to be related to plaintiff's overall claim and the failure to specify the date of its occurrence leads us to conclude that it is entirely unrelated to the other claims. Nowhere in her brief or argument to this court did plaintiff explain or even refer to the claim. In any event, we regard such conduct as a breach of the general duty owed by a hospital to the patient and not a breach of its contractual obligation to provide adequate care and services. Thus, this part of the claim prescribed unless the alleged violation of plaintiff's confidentiality *1313 occurred less than a year before she filed suit.
Accordingly, defendant's exception of no right of action is sustained with respect to any part of her claim growing out of hepatitis she may have incurred.
The judgment of the trial court sustaining the exception of prescription is affirmed with respect to any portion of her claim arising out of malpractice on the part of Drs. Vaughn or Steele but it is reversed only to the extent that plaintiff can prove damages arising out of hospital personnel failing to provide adequate care and services and/or to the extent that she can prove that defendant violated her confidentiality within a year before she filed her suit.
The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed against defendant with other costs to await the outcome of this case.
EXCEPTION OF NO RIGHT OF ACTION SUSTAINED IN PART; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART: REMANDED.
NOTES
[1] This case is a pre-1975 case which is not governed by R.S. 9:5628 providing a one year prescription for both contract and tort claims. In Lott v. Haley, 370 So.2d 521 (La.1979) the court held that Act 808 of 1975 which added R.S. 9:5628 to the revised statutes was not retroactive.
[2] On the other hand, if there was a physician on duty, and her condition was brought to the physician's attention but he failed to treat her, or treated her improperly, the claim has prescribed under Sciacca.